UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Ronald Carter,

          Plaintiff,

vs.                                      Case No.  3:12-cv-1066-J-34MCR

Jack Matheny, et al.,

          Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

This case came before the Court on Plaintiff's Amended Complaint (Doc. 6) and Amended Affidavit of Indigency (Doc. 7), which the Court will treat as a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a)(1).

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. §1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

---

[1] Any party may file and serve objections hereto within fourteen (14) days after service of this report and recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72, 6(a) and (e); Local Rule 4.20, United States District Court for the Middle District of Florida.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989).  However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n. 5 (11th Cir. 2002) (per curiam).

Upon review, the Court finds Plaintiff's Amended Complaint to be deficient. Plaintiff is bringing this action under 42 U.S.C. § 1983 against Defendants Dr. Jack Matheny, Eric Miller, the Inspector General for the Agency for Health Care Administration, and Patrick O'Carroll, Jr., the Inspector General of the Social Security Administration.  (Doc. 1).   However, Plaintiff failed to state a recognizable cause of action.[2]  Though rather difficult to understand, Plaintiff's claim appears to rest on Defendant Dr. Matheny's prescribing "mind altering drugs," and opining that Plaintiff is "delusional."  In addition, Plaintiff claims Defendant Miller deprived him of his

---

[2] Plaintiff has already been provided the opportunity to file an amended complaint. See (Doc. 4).

"constitutional right to refuse a drug" and put him in a "stressful, unfair situation." The undersigned is unable to discern Plaintiff's complaint against Defendant O'Carroll.

In reviewing plaintiff's complaint, the undersigned applies "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, this liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998). An in forma pauperis complaint is considered frivolous if "the plaintiff's realistic chances of ultimate success are slight." Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) (internal citations omitted). If the Court determines that the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless," the complaint can be dismissed as frivolous. Neitzke, 490 U.S. at 327. Clearly baseless allegations include those which are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992).

Plaintiff's fanciful and delusional claims are factually baseless and legally frivolous. Accordingly, it is respectfully

**RECOMMENDED**:

the District Judge dismiss this case without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th  day of October, 2012.

/s/ Monte C. Richardson
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff